THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>$9,016,830.76 Seized from First Internet Bank Account Ending in 4629;<br><br>$465,936.99 Seized from Meridian Bank Account Ending in 8439;<br><br>$33,932.39 Seized from Meridian Bank Account Ending in 2022;<br><br>$22,018.81 Seized from Meridian Bank Account Ending 4101; and<br><br>$150,000.00;<br><br>　　　　　　　Defendants *in Rem*. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 2:22-cv-00070-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Claimant's Motion to Return Property[1] seized by the Federal Bureau of Investigation ("FBI") pursuant to an *in rem* action for forfeiture. For the reasons discussed below, the Court will deny the Motion.

---

[1] Docket No. 10.

I.  BACKGROUND[2]

Allison Baver Entertainment ("ABE") is a limited liability company formed in October 2019 by Allison Baver, who is the sole member and owner.[3] On April 25, 2020, Ms. Baver submitted a Paycheck Protection Program ("PPP") loan application to Meridian Bank ("Meridian"), seeking up to $10 million.[4] On or around May 11, 2020, Meridian accepted the PPP loan application and deposited $10 million into a Meridian bank account owned by ABE.[5] On October 9, 2020, pursuant to a seizure warrant, the FBI seized $9,014,832.76 from a First Internet Bank ("FIB") account and $521,888.19 from three Meridian Bank accounts.[6] The Government alleges the property was seized for its unlawful use in wire fraud,[7] loan application fraud,[8] and money laundering.[9]

II.  DISCUSSION

A.  MOTION TO DISMISS STANDARD

Claimant ABE moves to dismiss claims and return property under Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the

---

[2] Unless otherwise noted, the facts in this Order are taken from the Government's Complaint and are presumed true for the purposes of this Order.
[3] Docket No. 2 ¶ 20.
[4] Docket No. 2 ¶ 23; Docket No. 10 at 3, 5.
[5] Docket No. 2 ¶ 23.
[6] *Id.* ¶¶ 40–41.
[7] 18 U.S.C. § 1343.
[8] *Id.* § 1014.
[9] *Id.* § 1957.

light most favorable to the non-moving party.[10] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face," which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits, the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] The Court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[14]

The Claimant asks the Court to interpret documents and pleadings in a light favorable to ABE to find that the Government has not met its burden of proof regarding ABE's alleged intent to defraud.[15] Such a request is not appropriate at this stage. At this juncture, when a disagreement in interpretation exists, the Court must view the arguments in the light most favorable to the non-moving party. The Government alleges that "Baver made or caused to be made . . . false statements on the Meridian Application," including alleged misrepresentations of ABE's monthly

---

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[13] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

[14] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[15] Docket No. 10 at 10.

payroll and number of employees.[16] At this stage, the Court finds that these allegations provide enough facts to avoid dismissal.

    B.  HEIGHTENED PLEADING STANDARD

The Claimant also asks the Court to dismiss the Government's Complaint for failure to satisfy the heightened pleading standard required by Supplemental Rule G(2).[17] "In a civil *in rem* forfeiture action, the Government is required to file a verified complaint and satisfy standards and follow procedures contained in, among other sources, 'Supplemental Rule G' of the Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)."[18] Supplemental Rule G(2) lists what a forfeiture complaint must contain, including *inter alia* a description of the property to be forfeited, the location of the property, the statute under which forfeiture is brought, and "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."[19] Notably, the Government does not have the burden at this stage of proving each element of the underlying fraud.[20] At trial, the United States' burden is "to establish, by a preponderance of the evidence, that the property is subject to forfeiture."[21]

The Court finds that the Government has satisfied the heightened pleading standard contained in Supplemental Rule G(2). The Government has "describe[d] the property with

---

[16] Docket No. 2 ¶ 25.

[17] Docket No. 10 at 7–10.

[18] *United States v. $11,708.00 in U.S. Currency*, No. 2:18-cv-439-TC, 2018 WL 3862754, *1 (D. Utah Aug. 14, 2018).

[19] Fed. R. Civ. P. Supp. G(2)(a)–(f).

[20] *See id.* G(8)(b)(ii) ("[T]he complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.").

[21] 18 U.S.C. § 983(c)(1).

reasonable particularity,"[22] providing the exact amounts deposited to ABE by Meridian and detailing the transfers made by ABE into various accounts between May 11, 2020 and July 31, 2020.[23] The Complaint sets forth the legal grounds supporting forfeiture and provides the circumstances surrounding the seizure of the property.[24] Thus, the Government's Complaint "suppl[ies] a factual basis for a reasonable inference that the property is subject to forfeiture."[25] This is enough to discharge the Government's burden under Supplemental Rule G(2).[26]

### III.   ORDER

It is therefore

ORDERED that Claimant's Motion (Docket No. 10) is DENIED.

DATED November 8, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[22] Fed. R. Civ. P. Supp. G(2)(c).

[23] Docket No. 2 ¶¶ 26–34.

[24] *Id.* ¶¶ 40–42.

[25] *United States v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1222 (10th Cir. 1986).

[26] *See, e.g., United States v. $829,422.42 in U.S. Currency*, No. 3:08-cv-914, 2009 WL 1743753, at *6 (D. Conn. June 18, 2009) (forfeiture complaint sufficient where it described money-laundering schemes and "state[d] that the bank account in the Claimant's name was involved in these schemes"); *United States v. Contents of Nationwide Life Ins. Annuity Acct. No. 0961 in the Name of Steve E. Warshak*, No. 1:05-cv-196, 2008 WL 1733130, at *3 (S.D. Ohio Apr. 10, 2008) (denying motion to dismiss forfeiture complaint that described the amount and source of funds sought and scheme to defraud); *United States v. 2121 Kirby Drive*, No. H-06-3335, 2007 WL 3378353, at *4 (S.D. Tex. Nov. 13, 2007) (finding the complaint adequate where it "elucidate[d] the underlying offenses, the proceeds therefrom, and the substantial connection to the Defendant Properties").