TRINA A. HIGGINS, United States Attorney (7349)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
CY H. CASTLE, Assistant United States Attorney (4808)
MARK E. WOOLF, Assistant United States Attorney (WA 39399)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$9,016,830.76 SEIZED FROM FIRST INTERNET BANK ACCOUNT ENDING IN 4629; $465,936.99 SEIZED FROM MERIDIAN BANK ACCOUNT ENDING IN 8439, et al.,<br><br>Defendants In Rem. | **UNITED STATES OPPOSITION TO ABE'S MOTION FOR STAY**<br><br>Case No. 2:22-cv-00070-TS<br><br>Judge Ted Stewart |
| ALLISON BAVER ENTERTAINMENT, LLC,<br><br>Third-Party Claimant. | |

The United States of America opposes Allison Baver Entertainment, LLC's (ABE) Motion for Stay filed on August 16, 2023 (ECF 30). ABE is entitled to a mandatory stay under 18 U.S.C. § 981(g)(2) because ABE cannot satisfy the requirement that the "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." ABE, the only claimant in this matter, has no right against self-

incrimination. ABE is also not entitled to a discretionary stay because Baver's conviction has dissipated Fifth Amendment concerns and because ABE has not provided any information on the likelihood of Baver's success on appeal. Consequently, the Court should deny the motion. However, judicial economy warrants a short stay until the court in a related criminal case decides a criminal forfeiture motion involving the defendants *in rem*.

## RELEVANT BACKGROUND

1. On February 8, 2022, the United States filed its *In Rem* Civil Forfeiture Complaint seeking forfeiture of more than $9 million in U.S. currency seized from multiple bank accounts ("Defendant Properties"). ECF 2.

2. On March 31, 2022, ABE filed a claim to the Defendant Properties. ECF 5.

3. On April 21, 2022, ABE filed an answer to the Complaint. ECF 8.

4. On June 29, 2023, a jury convicted Allison Marie Baver (Baver) of False Statement Designed to Influence a Bank in violation of 18 U.S.C. § 1014 (two counts), Money Laundering in violation of 18 U.S.C. § 1957, and Contempt in violation of 18 U.S.C. § 401(3) for perpetrating PPP loan fraud. *United States v. Allison Marie Baver,* Case No. 2:21-cr-00520-JNP-01, ECF 179.

5. For now, criminal charges remain pending against ABE, the single-member LLC that Baver used to perpetrate her fraud, in *United States v. Allison Baver Entertainment,* Case No. 2:21-cr-00520-JNP-02.

6. The criminal case against Baver and ABE arise from the same conduct alleged in this civil forfeiture proceeding.

7. With the trial against Baver concluded, on July 20, 2023, the United States served its First Request for Admissions with a due date of August 24, 2023.

8. On August 14, 2023, the United States served its Second Request for Admissions with a due date of September 14, 2023.

9. On August 16, 2023, ABE filed its Motion to Stay.

10. On August 29, 2023, the United States file a motion in Baver's criminal case seeking forfeiture of all the assets sought for forfeiture in this civil case.

## ARGUMENT

### A. Motions to stay by claimants in civil forfeiture matters are governed by 18 U.S.C. § 981(g)(2).

Although ABE does not reference it, 18 U.S.C. § 981(g)(2) is the primary authority governing stays in civil forfeiture proceedings. To obtain a stay of a civil forfeiture matter, a claimant must establish three elements under 21 U.S.C. § 981(g)(2). Under that provision:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that--
>
> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

At this time, the United States is not contesting the applicability of the first two elements of Section 981(g)(2).[1] However, ABE cannot satisfy the third element.

---

[1] It is likely that the criminal case against ABE will be dropped given the guilty verdict against Ms. Baver who solely and completely controlled and dominated ABE. However, since that has not happened yet, the United States is not contesting the first element of Section 982(g)(2).

### B. A mandatory stay under 18 U.S.C. § 981(g)(2) is not warranted because Claimant ABE has no right against self-incrimination.

ABE cannot satisfy the third element of the stay provision in Section 981(g)(2) because ABE, the only claimant in this matter, does not have a right against self-incrimination. Section 981(g)(2) provides that a court may grant a stay only if the claimant shows that it will burden "the right of the claimant" right against self-incrimination. As a corporate entity, ABE has no right against self-incrimination. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) ("[I]t is well established that [corporations] are not protected by the Fifth Amendment."); *United States v. Rice*, 52 F.3d 843, 846 (10th Cir. 1995) (corporations nor S corporations possess a right against self-incrimination). Consequently, as the only claimant in this case, ABE is not entitled to a stay under Section 981(g)(2). *See United States v. $2,000,000.00 in U.S. Currency*, 2013 WL 5462320, *2 (M.D. Fla. Oct. 2, 2013) (unpublished) (corporate claimant cannot request a stay because it has no Fifth Amendment right against self-incrimination); *United States v. Real Property . . . 2441 Mission Street*, 2014 WL 492481, *3 (N.D. Cal. Feb. 4, 2014) (unpublished) (protective orders and stays may be issued to protect claimants from the hard choices that arise from parallel proceedings; but court declines to issue protective order or stay where claimant is corporation with no Fifth Amendment right, and deponent intending to invoke the Fifth Amendment, though claimant's principal, is not a claimant and so has no property interest at stake); *In re 650 Fifth Avenue*, 2011 WL 3586169, *6 (S.D.N.Y. Aug. 12, 2011) (unpublished) (§ 981(g)(2), which makes the stay of a civil forfeiture case mandatory, at the claimant's request, if civil discovery would burden the claimant's Fifth Amendment rights in a related criminal case, does not apply when the claimant is a corporation, which has no right against self-incrimination), *aff'd sub nom. United States v. Assa Co. Ltd.*, 774 Fed. Appx. 51, 52 (2nd Cir. 2019)

(corporation could not avail itself of a stay under § 981(g)(2) because corporations have no right against self-incrimination; the corporation's attempt to "bootstrap itself to its corporate officers" did not help because § 981(g)(2) requires that the right must be one held by the claimant).

### C. A discretionary stay is not warranted because of Baver's conviction in the criminal case and lack of any indication that Baver is likely to succeed on appeal.

ABE is not facing a Hobson's Choice of Constitutional significance such that ABE will be prejudiced if a stay is not granted. In general, the Fifth Amendment does not require a stay of civil proceedings pending the outcome of criminal proceedings, unless there is a potential for substantial prejudice to a party's rights. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009) (citing to *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980)). The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." The privilege applies not only in a criminal case but also to "any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [them] in future criminal proceedings." *United States v. Von Behren*, 822 F.3d 1139, 1144 (10th Cir. 2016) (internal quotations omitted). The right against self-incrimination persists even after a conviction. *Id*. However, just because Baver's choice to invoke her self-incrimination privilege will potentially have consequences to ABE's claim in the civil forfeiture does not mean those consequences justify a stay.

The "government need not make the exercise of the Fifth Amendment privilege cost free." *McKune v. Lile*, 536 U.S. 24, 41 (2002). The "criminal process, like the rest of the legal system, is replete with situations requiring the making of difficult judgments as to which course to follow. Although a defendant may have a right, even of constitutional dimensions, to follow

5

whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose." *Id.* (citation and internal quotation marks omitted); *see also Jenner v. McDaniel*, 123 F. App'x 900, 903 (10th Cir. 2005) (unpublished) (no violation of defendant's Fifth Amendment rights where defendant refused to disclose information as part of a rehabilitation program in prison even though such refusal resulted in consequences to the defendant).

      A stay so Baver does not have to make a choice does not justify a stay. This is not a case where criminal charges are pending against ABE's owner. Baver has been convicted. The United States purposefully waited until the conclusion of the criminal trial against Baver to begin discovery in this civil case because of the Fifth Amendment implications. However, with the jury having found Baver guilty, those Fifth Amendment concerns have dissipated. Baver can insist on remaining silent as is her right. However, post-verdict, Baver's privilege carries less weight in the calculus of a stay because Baver's statements no longer place her in jeopardy of future prosecution. This is especially true where it is ABE that is claiming a property interest in the civil case, not Baver herself. Baver has already been prosecuted successfully for the issues she will need to address on ABE's behalf in this case. Consequently, rather than a Hobson's choice, Baver has an ordinary choice that she is free to make, but Baver's choice to remain silent even after her conviction should not delay these proceedings.

      ABE indicates that Baver intends to appeal her conviction but does not address how this fact justifies a stay. ABE has not provided any argument or information on the likelihood of Baver's success on appeal. *Cf. United States v. Ngari*, 559 F. App'x 259, 272 (5th Cir. 2014) (discussing factors relevant to staying a criminal forfeiture pending appeal under Fed. R. Crim. P. 32.2(d) including the likelihood of success on appeal). At a minimum, the Court should

require such a showing before it uses its discretion to stay this matter based on the mere suggestion of a possible appeal in Baver's criminal case. Once ABE makes such a showing, the court can assess whether ABE faces prejudice warranting a stay.

### D. Judicial economy warrants a short stay until a pending motion for preliminary order of forfeiture is decided in the related criminal case.

As indicated, the United States has filed a motion for preliminary order of forfeiture in the related criminal case. If the criminal court grants the motion, this civil forfeiture will be unnecessary since all the Defendant Properties sought for forfeiture in this case will be subject to a forfeiture order in the criminal case. If the criminal court does not order forfeiture of the Defendant Properties, then the civil forfeiture should proceed. Accordingly, the United States does not oppose a short stay to allow the criminal court to make its decision.

## CONCLUSION

Since neither a mandatory nor a discretionary stay is warranted based on the reasons stated in ABE's motion, ABE's motion should be denied. However, in the interest of judicial economy, a short stay is reasonable while the court in the related criminal case considers a motion for preliminary order of forfeiture.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney


/s/ Travis K. Elder
TRAVIS K. ELDER
Assistant United States Attorney